# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 2, 2023

Lyle W. Cayce
Clerk

No. 22-40691
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Julio Cesar Loyde, Jr.,

*Defendant—Appellant*.

———————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:20-CR-642-1

———————

Before Dennis, Elrod, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Julio Cesar Loyde, Jr. pleaded guilty to one count of possession with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. He was sentenced to a 216-month term of imprisonment followed by five years of supervised release.

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Loyde argues on appeal that the sentence imposed is procedurally and substantively unreasonable because the district court sentenced him based on the actual methamphetamine Guidelines, rather than those applicable to a methamphetamine mixture.  He maintains that his sentence is procedurally unreasonable because the district court failed to recognize that it could diverge from the Guidelines when considering his purity argument.  Loyde also urges that his sentence is substantively unreasonable because by failing to vary from the methamphetamine Guidelines, the district court imposed a sentence that was greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a), creating unwarranted sentencing disparities amongst similarly situated defendants.

In setting a sentence, the district court has the discretion to vary from the Guidelines for several reasons, including "solely upon policy disagreement."  *United States v. Malone*, 828 F.3d 331, 338 (5th Cir. 2016) (citing *Kimbrough v. United States*, 552 U.S. 85, 109 (2007)).  While a district court is not required to vary under *Kimbrough*, "every defendant is entitled to be sentenced by a judge who knows that [he] *could* vary under *Kimbrough* if [he] was so inclined."  *Malone*, 828 F.3d at 339.  A district court's failure to recognize that it has such discretion constitutes procedural error that is subject to harmless error review. *United States v. Robinson*, 741 F.3d 588, 599, 601 (5th Cir. 2014).

The district court considered and rejected Loyde's argument for a downward variance based on a policy disagreement with the treatment of methamphetamine in the Sentencing Guidelines.  There is no indication that the district court treated the Guidelines as mandatory or did not know it *could* vary based on policy disagreements; rather, it opted to apply the current guidelines framework. *See Malone*, 828 F.3d at 339-40; *United States v. Burns*, 526 F.3d 852, 561-62 (5th Cir. 2008).  Because Loyde has not demonstrated that the district court procedurally erred, we next consider the substantive

reasonableness of his sentence under an abuse-of-discretion standard.  *See Robinson*, 741 F.3d at 598.

Sentences within or below the guidelines range are presumed to be reasonable, and *Kimbrough* does not disturb that presumption.  *United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015); *United States v. Lara*, 23 F.4th 459, 485 (5th Cir.) (citing *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009)), *cert. denied*, 142 S. Ct. 2790 (2022).  "The district court is better situated to weigh the Guidelines' policy considerations as applied to a particular defendant, and [this court's] deference to the exercise of that discretion, backed up by the Commission's deliberations, is proper." *Mondragon-Santiago*, 564 F.3d at 366-67.

The presumption of reasonableness "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  Loyde has not made such a showing.

For these reasons, the judgment of the district court is AFFIRMED.